**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**VERANIQUE PAYTON, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 23-961**

**NATIONAL CONTINENTAL**                         **SECTION: D (1)**
**INSURANCE COMPANY, ET AL.**

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiffs, Veranique Payton, individually and on behalf of her minor child, M.B., and Felton Payton, Jr.[1] The Defendant, National Continental Insurance Company, opposes the Motion.[2] After consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Plaintiffs' Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a June 20, 2021 automobile accident involving a collision between an eighteen-wheeler driven by Defendant Zufar Urdashev and a vehicle driven by Plaintiff Veranique Payton containing Plaintiffs Felton Payton, Jr. and M.B. (collectively "Plaintiffs").[3] Plaintiffs Veranique Payton, individually and on behalf of her minor child, M.B., and Felton Payton, Jr., originally brought suit in the Civil District Court of Orleans Parish, State of Louisiana asserting claims under Louisiana state law against Defendants National Continental Insurance Company ("NCIC"), 10 Roads Express, LLC, and Zufar Urdashev.[4]

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] *See* R. Doc. 9-2 at p. 1.
[4] *See* R. Doc. 1-7.

NCIC timely removed this case to this Court pursuant to 28 U.S.C. § 1441(a), arguing that this Court has diversity jurisdiction over Plaintiffs' automobile accident claims pursuant to 28 U.S.C. § 1332 because complete diversity exists among the parties and because the amount in controversy exceeds $75,000.00.[5]  Specifically, NCIC alleged that each Plaintiff is a citizen of Louisiana and that the Defendants, collectively, are citizens of New York, Ohio, Nevada, Nebraska, Indiana, and Illinois.[6] According to NCIC, neither 10 Roads Express, LLC nor Zufar Urdashev had been served with a copy of the Plaintiffs' state court petition at the time of removal.[7]

Plaintiffs filed the instant Motion to Remand on April 20, 2023, arguing that the Court should remand this matter because the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Defendants.[8]  According to Plaintiffs, this Court should remand this case for failure to satisfy the requirements for diversity jurisdiction because the Defendants cannot demonstrate that the amount in controversy exceeds $75,000.00 for each Plaintiff.[9]  Plaintiffs contend that M.B.'s claims do not exceed the jurisdictional threshold and that M.B.'s claims cannot be aggregated with the claims of the other Plaintiffs to satisfy the amount in controversy requirement.[10]  Accordingly, the Plaintiffs asks the Court to remand this action given the Court's lack of subject matter jurisdiction.[11]

---

[5] *See* R. Doc. 1 at ¶ 3.  The Court ordered the Defendants to file an Amended Notice of Removal properly setting forth the citizenship of each Defendant in this action.  *See* R. Doc. 6.  Subsequent to that Order, NCIC filed an Amended Notice of Removal.  *See* R. Doc. 7.

[6] *See id*. at ¶¶ 4–7.

[7] *See id*. at ¶ 14.

[8] *See* R. Doc. 9.

[9] *See* R. Doc. 9-2 at p. 2.

[10] *See id*. at pp. 2–3.

[11] *See id*.

NCIC filed a response in opposition to Plaintiffs' Motion arguing that this Court has subject matter jurisdiction over the entire action despite M.B.'s claims not exceeding the jurisdictional threshold.[12]  NCIC maintains that because the Court has original jurisdiction under 28 U.S.C. § 1332 over the claims made by Veranique Payton and Felton Payton, Jr., the Court therefore has supplemental jurisdiction over M.B.'s claims pursuant to 28 U.S.C. § 1367 because those claims are part of the same case or controversy as the claims within the Court's original jurisdiction.[13]  NCIC cites to the Supreme Court's opinion in *Exxon Mobil Corp. v. Allapattah Services, Inc.*[14] to support its argument that so long as the requirements of complete diversity are met, a court may exercise supplemental jurisdiction over claims by plaintiffs that do not meet the statutory amount in controversy but otherwise form the same case or controversy as the claims with the court's original jurisdiction.[15]  Accordingly, NCIC argues, the Court should deny Plaintiffs' Motion and maintain jurisdiction over this action.[16]  Plaintiffs did not file a reply memorandum in support of their Motion.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.[17]  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18]  The removing party has the burden of proving

---

[12] R. Doc. 11.
[13] *See id.* at pp. 5–6.
[14] 545 U.S. 546 (2005).
[15] *See* R. Doc. 11 at p. 4.
[16] *See id.* at p. 6.
[17] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[18] 28 U.S.C. § 1441(a).

federal jurisdiction.[19]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20]  Remand is proper if at any time the court lacks subject matter jurisdiction.[21]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[22]

## III.   ANALYSIS

The parties do not dispute that the claims of Plaintiffs Veranique Payton and Felton Payton, Jr. are within the Court's original jurisdiction because they meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Both Plaintiffs are completely diverse from any of the Defendants and both Plaintiffs have claims that independently satisfy the amount in controversy requirement.  The sole question is whether the Court has jurisdiction over the claims of Veranique Payton's minor child, M.B.[23]  Because the Court answers that question in the negative, the Court grants Plaintiffs' Motion to Remand and remands this action.

Plaintiffs contend that because M.B.'s claim does not exceed $75,000.00, the Court necessarily lacks jurisdiction over the entirety of this action, thus requiring remand.[24]  The bulk of Plaintiffs' argument concerns the impropriety of aggregating

---

[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[21] *See* 28 U.S.C. § 1447(c).
[22] 28 U.S.C. § 1332(a)–(a)(1).
[23] Like the other Plaintiffs, M.B. is also a citizen of Louisiana and therefore diverse from the Defendants.
[24] *See* R. Doc. 9-2 at p. 3.

the claims of several plaintiffs to meet the amount in controversy requirement.[25]  In sum, Plaintiffs argue that because M.B.'s claims cannot be combined with the claims of the other Plaintiffs to meet the requisite amount in controversy, those claims fail to satisfy the requirements of diversity jurisdiction, necessitating remand.[26]

Plaintiffs' argument misses the mark.  While Plaintiffs are correct that M.B.'s amount-in-controversy cannot be aggregated with that of Veranique Payton and Felton Payton, Jr. and, accordingly, that the Court lacks *diversity* jurisdiction over M.B.'s claims, Plaintiffs wholly ignore the role that *supplemental* jurisdiction plays in the jurisdictional analysis here.  The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.[27]

The Supreme Court has explained that "[w]hen the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim."[28]  Here, the Plaintiffs' Complaint

---

[25] *See id.* at pp. 2–3.
[26] *See id.* at p. 3.
[27] 28 U.S.C. § 1367(a).
[28] *Allapattah*, 545 U.S. at 559.

contains claims by Veranique Payton and Felton Payton, Jr. that satisfy the amount-in-controversy requirement.  Accordingly, the Court has original jurisdiction over a "civil action" within the meaning of § 1367(a).[29]  Because the Court has original jurisdiction over the claims made by Veranique Payton and Felton Payton, Jr., and because M.B.'s claims form the same case or controversy as the claims made by the other Plaintiffs given that they all involve the same automobile accident with the same Defendants, the Court finds that M.B.'s claims facially meet the broad requirements for supplemental jurisdiction under § 1367(a).

The analysis, however, does not stop there.  Where, as here, the "civil action of which the district courts have original jurisdiction [is] founded solely on section 1332," § 1367(b) provides certain exceptions to the broad rule of § 1367(a), limiting the scope of supplemental jurisdiction.[30]  Section 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) *over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure*, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.[31]

---

[29] *See id.* ("If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.").
[30] 28 U.S.C. § 1367(b).
[31] *Id.*

The limitation against supplemental jurisdiction for claims by plaintiffs against defendants made party under Fed. R. Civ. P. 19 and 20 directly controls the case at bar. Here, M.B., a Plaintiff, brings claims against three Defendants—NCIC, 10 Roads Express, LLC, and Zufar Urdashev.[32] Two of these Defendants necessarily must have been made a party to this action pursuant to Fed. R. Civ. P. 19 and/or 20, depending on whether their presence in this action is required or not.[33] Accordingly, under the plain language of § 1367(b), the Court cannot exercise supplemental jurisdiction over M.B.'s claims against the Defendants because they are "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure."[34]

Neither the Plaintiffs nor the Defendants acknowledge the limitations on supplemental jurisdiction relevant here. Defendants cite to the Supreme Court's decision in *Exxon Mobil Corp. v. Allapattah Services, Inc.* to support their argument that the Court can exercise supplemental jurisdiction over M.B.'s claims.[35] In *Allapattah*, the Court addressed whether a district court may exercise supplemental jurisdiction in a "diversity case in which the claims of some plaintiffs satisfy the

---

[32] *See* R. Doc. 1-7 (State Court Petition) at ¶ 14.

[33] None of the Defendants appear to have been made a party pursuant to a third-party impleader under Fed. R. Civ. P. 14 or through intervention under Fed. R. Civ. P. 24. But even if they were, they would still fall within the express limitation contained in § 1367(b). Moreover, the fact that the Defendants were joined pursuant to state procedural rules while this action was pending in state court has no bearing here. *See Gibson v. Am. Min. Ins. Co.*, No. CIV A 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (explaining that "[t]he Court . . . has been unable to find any support . . . among federal courts" for the proposition that parties joined prior to removal are not considered persons made parties under Rule 20). Once an action is removed to this Court, federal, not state, rules of civil procedure apply to an action. *See* Fed. R. Civ. P. 81(c)(1).

[34] 28 U.S.C. § 1367(b).

[35] *See* R. Doc. 11 at p. 4.

amount-in-controversy requirement, but the claims of other plaintiffs do not."[36] Answering in the affirmative, the Court explained that so long as one plaintiff meets the requirements of § 1332 diversity jurisdiction, a district court may exercise supplemental jurisdiction over the claims of other plaintiffs so long as the claims form the same case or controversy as the claims within the court's original jurisdiction.[37] Crucially, however, the Court emphasized that supplemental jurisdiction in such a scenario is appropriate only where none of the exceptions provided in § 1367(b) apply.[38] Unlike the present case, the consolidated cases in *Allapattah* involved only a single defendant; accordingly, § 1367(b)'s exception for claims by plaintiffs against parties joined under Rules 14, 19, 20, and 24 did not apply.[39] Indeed, the *Allapattah* Court noted that "§ 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20."[40] Nothing in *Allapattah* disturbs the plain meaning of § 1367(b) or provides authority for the Court to exercise supplemental jurisdiction here over M.B.'s claims against multiple defendants. While the Court acknowledges the jurisdictional anomaly whereby the Court would have supplemental jurisdiction over M.B.'s claims were there to be only a single defendant

---

[36] *Allapattah*, 545 U.S. at 558.

[37] *See id.* at 559.

[38] *See id.* at 566–67 ("We hold that § 1367 by its plain text overruled *Clark* and *Zahn* and authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, *subject only to enumerated exceptions not applicable in the cases now before us.*") (emphasis added).

[39] *See id.* at 550–51; 13D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3567.2 (3d ed.) ("In *Allapattah*, the companion cases apparently each involved only a single defendant.").

[40] *Allapattah*, 545 U.S. at 560.

but not if, as here, multiple defendants are present, the Court is bound by Supreme Court precedent and the plain language of § 1367.[41]

Because the Court does not have jurisdiction over M.B.'s claims, the Court must remand this action back to state court.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Remand[42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants National Continental Insurance Company, 10 Roads Express, LLC, and Zufar Urdashev are remanded to the Civil District Court of Orleans Parish, State of Louisiana for further proceedings.

New Orleans, Louisiana, June 5, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[41] The Fifth Circuit has previously remarked that it is "illogical (indeed, absurd)" that the presence of multiple defendants would compel a different result than in single defendant cases. *See State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 n.15 (5th Cir. 2004). Notably, *Yates* was decided before the Supreme Court's decision in *Allapattah*. As many courts have concluded, that is the straightforward and unambiguous reading of § 1367(b). *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp.*, 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005) ("Even if the requirements for diversity jurisdiction are met for a claim against one defendant, the district courts may not exercise supplemental jurisdiction as to claims against different defendants, when such claims do not meet the requisite amount in controversy."); *Failla v. Dynasty Distributors, Inc.*, No. CIV.A. 06-16, 2006 WL 860969, at *3 (E.D. La. Mar. 24, 2006) (Zainey, J.) ("Even where the Court has original jurisdiction over the claims against one of the defendants, the Court cannot exercise supplemental jurisdiction over the claims against the other defendant(s) joined under Rule 20(a) if that original jurisdiction is diversity jurisdiction."); *Gibson*, 2008 WL 4602747, at *3–4 ("[I]t appears that in cases where original jurisdiction is premised on § 1332, § 1367(b) would preclude the exercise of supplemental jurisdiction over claims asserted against defendants joined under Rule 20 when those claims do not satisfy the amount-in-controversy requirement."). This Court cannot amend statutory text merely because it finds it "illogical."

[42] R. Doc. 9.